### RIGGS v. BUCKLEY.

(Supreme Court, Appellate Division, First Department.    March 20, 1896.)

PLEADING—BILL OF PARTICULARS—WHEN MAY BE REQUIRED.

Where a defendant, in his answer, denied that the consideration named in an instrument executed by him, and under which plaintiff claimed as a transferee, was the true consideration, and alleged that the real consideration was insufficient in law to support the making or delivery of the instrument by him, and, further, that it was obtained from him by fraudulent representations, plaintiff is entitled to a bill of particulars of the claimed consideration, and also of the alleged fraudulent representations.

Appeal from special term, New York county.

Action by Ada B. Riggs against William F. Buckley to recover on an assignment of an interest in an award, alleged to have been executed by defendant to another, and to have been transferred through others to plaintiff.    An order was made requiring defendant to fur-

nish a bill of particulars as to certain matters alleged in the answer, and he appeals.    Modified.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Francis D. Dowley, for plaintiff.

Adrian H. Larkin, for defendant.

PER CURIAM.    The court was clearly right in ordering a bill of particulars of the consideration referred to in the eighth subdivision of the answer.    The assignment, on its face, recited a consideration of one dollar.    The defense, as stated in such subdivision of the answer, is that the consideration recited was not the real consideration, and the real consideration was not sufficient and valid in law to support the making or delivery of the instrument, and that such instrument was and is therefore void.    The plaintiff is entitled to know what actual consideration there was for the assignment which made it void.    The same consideration applies to the second, third, fourth, and fifth clauses of the order requiring particulars of the defense set up in the ninth subdivision of the answer.    The plaintiff is entitled to know the representations made by which the defendant was induced to deliver the transfer to Belden.    As to the sixth and seventh clauses of the order, we do not think that they relate to a proper subject or subjects of which particulars should be ordered. So far as proper, they are included within the particulars to be furnished under the prior provisions of the order.

We think, therefore, that the order appealed from should be modified by striking out the sixth and seventh clauses thereof, and that, as modified, the order should be affirmed, with $10 costs and disbursements of the appeal to abide the event of the action.